IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEW SINCE TRADING, CORP.,<br><br>    Defendant. | Civil Action No. 4:25-CV-1199 |

# COMPLAINT

The United States, acting for and on behalf of the United States Department of Homeland Security, Customs and Border Protection (CBP), brings this action against New Since Trading, Corp., for civil monetary penalties for the importation of counterfeit goods:

## NATURE OF ACTION

1. The United States brings this action to recover civil monetary penalties (not duties), pursuant to 19 U.S.C. § 1526(a)(e)(f) and 15 U.S.C. § 1124.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3. The acts alleged herein occurred in the Northern District of Texas. The civil monetary penalty at issue arises from conduct occurring in this District. Venue is

Complaint – Page 1

proper in this district pursuant to 28 U.S.C. § 1395. The violative goods were shipped via Korean Air to Dallas-Fort Worth Airport. The violative goods were then sent to Air General, a Centralized Examination Station (CES) within this District, for CBP inspection, detention to confirm the goods' authenticity, and ultimate seizure.

## PARTIES

4. Plaintiff is the United States of America, acting for and on behalf of its agency, CBP, which is vested with the duty to enforce and execute provisions of Title 19 of the United States Code. In certain code provisions, CBP is still referred to by its former name, the United States Customs Service.

5. Defendant New Since Trading, Corp. ("Defendant" or "New Since Trading") is a Texas corporation that at the relevant times was doing business in this District and maintained a registered agent address at 2948 Congressman Lane, Dallas, Texas 75220. The acts complained of—the importation of shipments of goods that violated U.S. trademarks—occurred in this District.

## FACTUAL ALLEGATIONS

6. CBP is a component of the Department of Homeland Security. CBP is authorized to conduct searches of merchandise arriving in the United States, without cause, before allowing them entry into and transit throughout the United States.

7. A "trademark" is defined as "any word, name, symbol, or device, or any combination thereof—(1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register . . . to

identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127.

8. A "mark" is defined to include "any trademark, service mark, collective mark, or certification mark." 15 U.S.C. § 1127.

9. A "registered mark" means a mark registered in the United States Patent and Trademark Office. 15 U.S.C. § 1127.

10. A "counterfeit" is defined to include "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

11. The importation into the United States of foreign manufactured merchandise bearing a trademark, which is registered with the U.S. Patent Trademark Office and owned by a citizen or corporation of the United States, is prohibited. 19 U.S.C. §§ 1526(a); 15 U.S.C. §§ 1124, 1125(b).

12. Any merchandise bearing a counterfeit trademark imported into the United States shall be seized, and in the absence of the written consent of the trademark owner, forfeited. 19 U.S.C. § 1526(e).

13. A civil penalty may be imposed for directing, assisting financially or otherwise, or aiding and abetting the importation of merchandise for sale or public distribution if the merchandise is seized pursuant to 19 U.S.C. § 1526(e). 19 U.S.C. §§ 1526(f), 1595a(b).

14. The fine for a first seizure "shall be not more than the value that the merchandise would have had if it were genuine, according to the manufacturer's suggested retail price[.]" 19 U.S.C. § 1526(f)(2).

15. The Customs Service has discretion to impose a fine, which is in addition to any other civil or criminal penalty or other remedy authorized by law. 19 U.S.C. § 1526(f)(4).

16. On or about September 4, 2020, New Since imported 148 cartons of "Ladies Sweater and Ladies Sweatpants." The shipment was assigned entry number 8R5-01996147. The importation consisted of polyurethane handbags, athletic shoes, and soccer jerseys. The merchandise bore marks substantially similar to trademarks owned by Chanel, Louis Vuitton, Gucci, and Adidas.

17. Upon the arrival of the shipment at Dallas/Fort Worth International Airport, CBP inspected samples of the subject merchandise to evaluate a possible infringement because the marks were substantially indistinguishable from the "LV & Design" trademark, the "LV Stylized" trademark, the "GG & Design" trademark, the "Gucci" trademark, the "GG Marmont (Stylized)" trademark, the "CC & Design" trademark, the "Trefoil Design" trademark.

18. On September 23, 2020, CBP issued a detention notice to detain the shipment, pending final determination of their admissibility, and contacted the Customs Broker to request all licenses and agreements pertaining to the shipment. The importer was not able to provide any of the requested documentation.

19. In its subsequent investigation, CBP confirmed with the authorized holders of the marks that New Since Trading, Corp. was not licensed or authorized to use the marks. Upon confirmation that New Since Trading's use of the marks was unauthorized, the shipment was seized on November 3, 2020 pursuant to 19 U.S.C. § 1526(e).

20. "LV & Design" is a trademark registered as U.S. Patent and Trademark Office (USPTO) Registration Number 4192541 owned by LOUIS VUITTON MALLETIER, which filed the trademark with the USPTO on or about Sep. 19, 2012 and recorded the trademark with CBP on or about September 19, 2023 under TMK 12-01079 and re-recorded on November 14, 2022 under TMK 22-00973.

21. "LV Stylized" is a trademark registered as U.S. Patent and Trademark Office (USPTO) Registration Number 1519828 and owned by LOUIS VUITTON MALLETIER, which filed the trademark with the USPTO on or about May 06, 1988 and recorded the trademark with CBP on or about March 29, 2019 under TMK 10-00855.

22. "GG & Design" is a trademark registered as USPTO Registration Number 3072549 and owned by Gucci America, Inc., which filed the trademark with the USPTO on or about Sep. 15, 2004 and recorded the trademark with CBP on or about September 28, 2016 under TMK 06-01008.

23. "Gucci" is a trademark registered as USPTO Registration Number 876292 and owned by GUCCI AMERICA, INC., which filed the trademark with the USPTO on or about April 9, 2010 and recorded the trademark with CBP on or about October 15, 2019 under TMK 89-00646.

24. "GG Marmont (Stylized)" is a trademark registered as USPTO Registration Number 5073022 and owned by GUCCI AMERICA, INC., which filed the trademark with the USPTO on or about Mar. 28, 2016 and recorded the trademark with CBP on or about May 16, 2018 under TMK 18-00373.

25. "CC & Design" is a trademark registered as USPTO 5912273 and owned by Chanel, Inc., which filed the trademark with the USPTO on or about Oct. 26, 2018 and recorded the trademark with CBP on or about March 23, 2020 under TMK 20-00292.

26. "Trefoil Design" is a trademark registered as USPTO 1310140 and owned by ADIDAS AG, which filed the trademark with the USPTO on or about Dec. 21, 1982 and recorded the trademark with CBP on or about August 24, 2015 under TMK 06-00112.

27. On June 23, 2022, CBP issued a Notice of Penalty to New Since Trading, assessing a penalty of $9,281,420.00. The penalty amount was calculated as authorized pursuant to 19 U.S.C. § 1526(f), which sets the penalty as an amount equal to the value of the merchandise if it were genuine. CBP provided written notice and demand for payment of these penalties to New Since Trading. Thereafter, CBP made diligent efforts to demand payment of the penalties through correspondence directed to New Since Trading's Dallas address (2948 Congressman Ln., Dallas, TX, 75220) and McKinney address (109 Joplin Dr., McKinney, TX 75071).

28. To date, New Since Trading has failed to pay the total civil penalties of $9,281,420.00.

29. The United States commences this action timely and in accordance with any applicable statute of limitations.

## COUNT I

30. The United States incorporates by reference paragraphs 1-29 of this complaint as though fully set forth herein.

31. Pursuant to 19 U.S.C. § 1526(f), New Since Trading is liable for civil penalties of $9,281,420.00.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment in its favor as follows:

1. For civil penalties of $9,281,420.00, plus interest as allowed by law;

2. For the United States' costs of this action; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:  214-659-8807
brian.stoltz@usdoj.gov